526 S.E.2d 23

STATE of West Virginia ex rel. Dollie HUFFMAN, Administratrix of the Estate of Kayla Rene Huffman, Petitioner,

v.

Honorable Booker T. STEPHENS, Judge of the Circuit Court of McDowell County; Joseph P. Nieto, D.O.; Laboratory Corporation of America Holdings, a Non–Resident Corporation; and Princeton Community Hospital Association, Inc., a West Virginia Corporation, Respondents.

No. 26422.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 1, 1999.

Decided Dec. 9, 1999.

Dissenting Opinion of Justice Maynard Dec. 15, 1999.

**502**

J. Franklin Long, Esquire, Bluefield, West Virginia, Attorney for Petitioner.

Susan O. Phillips, Esquire, Ancil G. Ramey, Esquire, Steptoe & Johnson, Charleston, West Virginia, Attorneys for Respondent Joseph P. Nieto, D.O.

A.L. Emch, Esquire, Lynn Oliver Frye, Esquire, Katherine Venti, Esquire, Jackson & Kelly, Charleston, West Virginia, Attorneys for Respondent Laboratory Corporation of America Holdings.

Thomas V. Flaherty, Esquire, W.E. Sam Fox, II, Esquire, Flaherty, Sensabaugh & Bonasso, Charleston, West Virginia, Attorneys for Respondent Princeton Community Hospital Association, Inc.

PER CURIAM:

In this proceeding in prohibition, the relator Dollie Huffman, as Administratrix of the Estate of Kayla Rene Huffman, prays that this Court issue a writ of prohibition prohibiting the respondent Judge of the Circuit Court of McDowell County from transferring to Mercer County a wrongful death action instituted by her in the Circuit Court of McDowell County. The respondent argues that such a transfer is appropriate because the Circuit Court of Mercer County is an appropriate venue for trial of the case.

## I.

### FACTS

On July 10, 1997, the relator, Dollie Huffman, gave birth to a child whom she named Kayla Rene Huffman. Later, on July 10, 1997, Kayla Rene Huffman died of a fatal Group B Streptococci infection. During her pregnancy, Dollie Huffman had undergone tests which indicated that she was infected with Group B Streptococci. The final test was submitted by Ms. Huffman's physician, to the respondent Laboratory Corporation of America Holdings, a corporation with its principal offices in North Carolina, for analysis. After analyzing the test sample, Laboratory Corporation of America Holdings erroneously reported that Ms. Huffman had no Group B Streptococci, when, in fact, she was infected with the bacteria.

Following the death of Kayla, Dollie Huffman, acting as Administratrix of the Estate of Kayla Rene Huffman, instituted a wrongful death action against her physician, against Laboratory Corporation of America Holdings, and against Princeton Community Hospital Association. The action was instituted in the Circuit Court of McDowell County.

After the filing of the action, Laboratory Corporation of America Holdings moved to dismiss on the ground that the Circuit Court of McDowell County lacked venue for trial of the action. In the alternative, Laboratory Corporation of America Holdings moved to transfer the action from McDowell County to Mercer County on the basis of the doctrine of *forum non conveniens*.

After receiving the motions of Laboratory Corporation of America Holdings, the Circuit Court of McDowell County on April 27, 1999 entered an order stating:

> Based upon review of the pleadings and argument of counsel, the Court is of the opinion that venue would be proper in the Circuit Court of Mercer County and, accordingly, hereby transfer this Civil Action to the Circuit Court of Mercer County.

In a subsequent order entered on May 19, 1999, the Circuit Court of McDowell County found that the contacts between Laboratory Corporation of America Holdings and McDowell County were insufficient to establish venue, and that as a consequence, there was no venue for the action in McDowell County. The court went on to find that venue would be proper in the Circuit Court of Mercer County and ordered transfer of the action to Mercer County.

In the present proceedings, the relator, Dollie Huffman, as Administratrix of the Es-

tate of Kayla Rene Huffman, contends that the facts of the case are sufficient to establish venue in the Circuit Court of McDowell County and that the change of venue ordered by the circuit court was inappropriate under our law. The relator, therefore, prays that this Court issue a writ of prohibition prohibiting the respondent Judge of the Circuit Court of McDowell County from transferring the case from McDowell County to Mercer County.

## II.

## PROHIBITION

■ In *State ex rel. Riffle v. Ranson*, 195 W.Va. 121, 464 S.E.2d 763 (1995), this Court recognized that the exercise of original jurisdiction in prohibition by this Court was appropriate to resolve the issue of where venue for a civil action lies. We reached this conclusion after noting that the issue of venue had the potential of placing a litigant at an unwarranted disadvantage in a pending action and that relief by appeal would be inadequate.

## III.

## DISCUSSION

Fundamental to the decision of the principal issue in the present case is W. Va.Code 56–1–1, which establishes where venue for a civil action lies in the State of West Virginia. That statute provides, in relevant part:

(a) Any civil action or other proceeding, except where it is otherwise specially provided, may hereafter be brought in the circuit court of any county:

(1) Wherein any of the defendants may reside or the cause of action arose, except that an action of ejectment or unlawful detainer must be brought in the county wherein the land sought to be recovered or some part thereof, is; or

(2) If a corporation be a defendant, wherein its principal office is, or wherein its mayor, president or other chief officer resides; or if its principal office be not in this state, and its mayor, president or other chief officer do not reside therein, wherein it does business; or if it be a corporation organized under the laws of this state, which has its principal office located outside of this state, and which has no office or place of business within the state, the circuit court of the county in which the plaintiff resides or the circuit court of the county in which the seat of state government is located shall have jurisdiction of all actions at law or suits in equity against such corporation, where the cause of action arose in this state or grew out of the rights of stockholders with respect to corporate management; ...

The evidence presented in the case presently before the Court shows that Laboratory Corporation of America Holdings is a Delaware corporation with its principal offices in North Carolina. It does not appear that the mayor, president or other chief officer of Laboratory Corporation of America Holdings resides in West Virginia. Thus, it would appear that, under W. Va.Code 56–1–1(a)(2), venue for an action against Laboratory Corporation of America Holdings would lie in any county "wherein it does business."

■ In *Kidwell v. Westinghouse Electric Company*, 178 W.Va. 161, 358 S.E.2d 420 (1986), this Court examined the meaning of the phrase "wherein it does business" contained in our venue statute. In *Kidwell*, the Court overruled *Brent v. Board of Trustees*, 163 W.Va. 390, 256 S.E.2d 432 (1979), and held that the proper test for determining venue under W. Va.Code 56–1–1 is the same test used for determining personal jurisdiction under W. Va.Code 31–1–15. In the *Brent* case, the Court had held that the test for venue in a tort case was whether a corporation's business activity in a county related directly to the acts which caused injury. In *Kidwell*, the Court concluded that this test was inappropriate. In the sole syllabus of *Kidwell*, the Court stated:

Whether a corporation is subject to venue in a given county in this State under the phrase in W. Va.Code, 56–1–1(b), "wherein it does business" depends upon the sufficiency of the corporation's minimum contacts in such county that demonstrate it is doing business, as that concept is used in W. Va.Code, 31–1–15. To the extent that *Brent v. Board of Trustees*, 163 W.Va. 390,

256 S.E.2d 432 (1979), implies a more restrictive standard, it is overruled.

In *Eastern Marketing Corporation v. Texas Meridian Production Company, Ltd.,* 798 F.Supp. 363 (S.D.W.Va.1992), the United States District Court for the Southern District of West Virginia recognized that the minimum contacts test of West Virginia's jurisdiction statute, and inferentially, of West Virginia's venue statute, would comport with federal due process requirements where the minimum contacts showed that the defendant had purposely directed its activities at residents of the forum state and that litigation had arisen out of or related to those activities.

■ An examination of the documents filed in the present case shows that Laboratory Corporation of America Holdings did and does have contacts within McDowell County, where the relator brought her action. Further, it appears that those activities were purposefully directed at West Virginia parties and that the activities are the type of activity that gave rise to the present action. Specifically, the documents filed in the present case indicate that Laboratory Corporation of America Holdings has maintained accounts for Welch Emergency Hospital, located in McDowell County, West Virginia; Tug River Clinic of Northfork, located in McDowell County, West Virginia; and McDowell Medical Associates, Inc., located in McDowell County, West Virginia. These accounts exist because Laboratory Corporation of America Holdings performs tests and/or provides test results to these McDowell County organizations. Additionally, invoices are sent to these McDowell County organizations for payments due. The present action arose out of the type of testing that Laboratory Corporation of America Holdings performs for its McDowell County customers.

It is the claim of Laboratory Corporation of America Holdings that its conducting of tests, its reading of test results, and its billing of McDowell County customers do not constitute sufficient contact with McDowell County for venue of the relator's civil action to lie against it in McDowell County. In arguing this point, Laboratory Corporation of America Holdings takes the position that

testing of fluid and tissue specimens is its real business and that it does not physically do that business in McDowell County. Specifically, in its memorandum Laboratory Corporation of America Holdings states:

The testing of fluid and tissue specimens is truly the *business* of LabCorp. Accordingly, any *business* conducted or transacted by LabCorp takes place outside McDowell County. Any contacts with McDowell County are merely incidental and attenuated to the performance of LabCorp in transacting its business.

This Court finds this argument unpersuasive. It defies logic to conclude that testing of fluids is the only business of Laboratory Corporation of America Holdings and that it is not in the business of billing and collecting for such activities. The documents filed show that in addition to testing, it does submit invoices for payment due and expects to receive payment due. The record also suggests that the activity is not sporadic but is ongoing and that there is, in fact, an ongoing business relationship between Laboratory Corporation of America Holdings and its McDowell County customers.

A fair reading of the facts as developed by the documents filed in this case shows that Laboratory Corporation of America Holdings maintains a business relationship with a number of parties located in McDowell County, West Virginia, that it performs services for those parties, and that it does bill those parties in McDowell County, West Virginia.

The contacts of Laboratory Corporation of America Holdings with McDowell County are substantial and have been repeated and are, in our opinion, under our law, sufficient to support the finding that venue for the petitioner's action does lie in the Circuit Court of McDowell County.

■ W. Va.Code 56–1–1(b) indicates that even where venue does lie in a county, the civil action may be transferred to another county if certain circumstances are present. As previously stated, W. Va.Code 56–1–1(b) provides:

(b) Whenever a civil action or proceeding is brought in the county wherein the

cause of action arose, under the provisions of subsection (a) of this section, if no defendant resides in such county, a defendant to the action or proceeding may move the court before which the action is pending for a change of venue to a county wherein one or more of the defendants resides, and upon a showing by the moving defendant that the county to which the proposed change of venue would be made would better afford convenience to the parties litigant and the witnesses likely to be called, and if the ends of justice would be better served by such change of venue, the court may grant such motion.

In Syllabus Point 1 of *State ex rel. Riffle v. Ranson, supra,* this Court stated:

> W. Va.Code, 56-1-1(b) (1986), is the exclusive authority for a discretionary transfer or change of venue and any other transfer or change of venue from one county to another within West Virginia that is not explicitly permitted by the statute is impermissible and forbidden.

 West Virginia Code 56-1-1(b) authorizes a change of venue only when a civil action or proceeding is brought in the county in which the action arose. The relator's action was not brought in Mercer County where it arose, but in McDowell County where venue lies under W. Va.Code 56-1-1(a). Since W. Va.Code 56-1-1(b) permits a change of venue only when the action is brought in the county where action lies, this Court believes that the Circuit Court of McDowell County lacked authority for transferring venue of the action to the Circuit Court of Mercer County.

For the reasons stated, this Court believes that the appropriate venue for the relator's action is the Circuit Court of McDowell County and that the respondent judge of the Circuit Court of McDowell County erred in ordering a transfer of the case to the Circuit Court of Mercer County.

The writ of prohibition which the relator seeks is, therefore, issued and the respondent judge is directed to refrain from proceeding to transfer the action to the Circuit Court of Mercer County.

Writ issued.

Judge FRED RISOVICH, II, sitting by temporary assignment.

Justice SCOTT did not participate in the decision in this case.

MAYNARD, Justice, dissenting.

(Filed Dec. 15, 1999)

I dissent in this case because I do not believe that Laboratory Corporation of America Holdings ("LabCorp") is subject to venue in McDowell County. Because the circuit court correctly determined that venue would be proper in the Circuit Court of Mercer County and ordered transfer of the action there, this Court should have denied the writ of prohibition prayed for by the petitioner.

One interesting thing about the majority opinion is what it does not tell the reader about the facts of this case. Specifically, it does not mention that the petitioner and plaintiff below, Dollie Huffman, is a resident of Mercer County; Ms. Huffman's doctor, Joseph P. Nieto, D.O., lives and practices medicine in Mercer County; all of the events at issue occurred in Mercer County including all of the treatment and services provided to Ms. Huffman by Dr. Nieto; the Princeton Community Hospital where Ms. Huffman's labor and delivery occurred is located in Mercer County; LabCorp is a Delaware Corporation with its principal offices in North Carolina; and LabCorp's analysis of the specimen at issue was performed in Marion County and reported to Dr. Nieto in Mercer County. The fact is that nothing about this case involved McDowell County.

The majority finds, however, that LabCorp "does business" in McDowell County in that it "performs tests and/or provides test results to McDowell County hospitals and clinics, and LabCorp maintains accounts for these organizations." This is far too thin a reed to support venue. The test is not whether a corporation has *any* contacts in a given county but whether the sufficiency of the corporation's minimum contacts demonstrates that it is doing business, "as that concept is used in W.Va.Code, 31-1-15." *Kidwell v. Westinghouse Electric Co.,* 178 W.Va. 161, 163, 358 S.E.2d 420, 422 (1986). This standard requires that "a foreign corporation must have such minimum contacts

with the forum that the maintenance of the action in the forum does not offend traditional notions of fair play and substantial justice." *Kidwell,* 178 W.Va. at 163, n. 5, 358 S.E.2d at 422, n. 5 (citation omitted). Certainly, allowing the underlying action to be tried in McDowell County is offensive to these notions.

Further, it is clear that prohibition is not appropriate here. Judge Stephens committed no substantial, clear-cut legal errors which were plainly in contravention of a clear statutory, constitutional, or common law mandate. *See Ellis v. King,* 184 W.Va. 227, 400 S.E.2d 235 (1990).

In conclusion, one can only conclude that Ms. Huffman's lawyer filed the underlying action in McDowell County, a venue which had nothing to do with the events and parties in this case, because he was forum shopping. He is obviously quite certain that his chances of winning a large verdict in McDowell County are much greater than in Mercer County. This type of calculation is rightly discouraged by our law concerning venue. Unfortunately, the majority errs in wrongly applying this law. Judge Stephens was right. Accordingly, I dissent.