713 S.E.2d 356

STATE of West Virginia ex rel. MYLAN, INC., Mylan Pharmaceuticals, Inc., and Mylan Technologies, Inc., Petitioners

v.

The Hon. Paul ZAKAIB, Jr; and James Sherman Johnson, Individually, Diamond Johnson, Individually, and Karen Marie Hayden–Jefferson, as Administrator for The Estate of James Hayden, and as Next Friend to the Minor Plaintiffs, Respondents

and

State of West Virginia Ex Rel. Mylan Technologies, Inc., f/k/a Bertek, Inc., Mylan, Inc., Mylan Pharmaceuticals, Inc., Petitioners

v.

The Hon. Jennifer Bailey; And William Davis Hall, Individually as Next of Kin of Harriet Elizabeth Hall, Deceased, and as Personal Representative of the Estate Of Harriet Elizabeth Hall, Deceased, Respondents.

Nos. 11–0392, 11–0440.

Supreme Court of Appeals of West Virginia.

Submitted May 25, 2011.

Decided June 23, 2011.

Clem C. Trischler, Esq., Ryan J. King, Esq., Pietragallo Gordon Alfano Bosick & Raspanti, LLP, Pittsburgh, PA, for Petitioners.

Carl J. Roncaglione, Jr., Esq., Charleston, WV, and David F. Miceli, Esq., Simmons, Browder, Gianaris, Angelides & Barnerd, LLC, Alton, IL, Attorneys for Estate of James Hayden.

Harry F. Bell, Jr., Esq., The Bell Law Firm, PLLC, Charleston, WV, and Collyn Peddie, Houston, TX, Attorneys for Estate of Harriet Elizabeth Hall.

WORKMAN, Chief Justice:

In these consolidated original jurisdiction actions, the petitioners, Mylan, Inc., Mylan Pharmaceuticals, Inc., and Mylan Technologies, Inc. (jointly "the Mylan Petitioners"), seek writs of prohibition in two actions pending in the Circuit Court of Kanawha County, West Virginia. In each action, the circuit court denied a motion filed by the Mylan Petitioners to dismiss the case on the basis of forum non conveniens. The Mylan Petitioners assert that each of the circuit judges erred in applying the forum non conveniens statute, West Virginia Code § 56–1–1a (Supp.2010). They seek to prohibit the cir-

cuit court from refusing to dismiss their actions on the basis of forum non conveniens.

This Court issued a rule to show cause on April 14, 2011, and the parties presented arguments to this Court on May 25, 2011. Having fully considered the issues presented, we find that the circuit court erred in failing to make findings of fact and conclusions of law regarding the eight factors listed for consideration in West Virginia Code § 56–1–1a. The Court, therefore, grants the writs as moulded and remands the actions for further consideration consistent with this opinion.

## I. FACTS AND PROCEDURAL HISTORY

The factual and procedural history of each of the two consolidated actions is set forth separately.

### A. Case No. 11–0392

In case number 11–0392, the respondents and plaintiffs below are James Sherman Johnson and Diamond Johnson, the surviving minor children of James Hayden, and Karen Marie Hayden–Johnson, the administrator of the Estate of James Hayden and next of friend to the minor plaintiffs (hereinafter "the Hayden Respondents"). The decedent, James Hayden, died on October 30, 2007, while a patient at the United Hospital Systems in Kenosha, Wisconsin. The Hayden Respondents allege that Mr. Hayden died from "fentanyl toxicity" as a result of wearing a Fentanyl Transdermal System patch ("fentanyl patch"), designed, manufactured and marketed by the Mylan Petitioners.

On October 28, 2009, the Hayden Respondents filed a Complaint in the Circuit Court of Kanawha County, the Honorable Judge Paul Zakaib presiding, suing the Mylan Petitioners under West Virginia's wrongful death statute, West Virginia Code § 55–7–5 (2008).[1] The Hayden Respondents as-

---

1. As discussed herein, the issue in these cases centers on whether the Circuit Court of Kanawha County, West Virginia, is the most convenient forum in which to try these claims. No party disputes that West Virginia courts have jurisdiction to hear these claims, as two of the three Mylan Petitioners are incorporated in West Virginia, and one has its corporate headquarters in this state. Specifically, Mylan Pharmaceuticals, Inc., is incorporated in West Virginia, with its

corporate headquarters located in Morgantown, West Virginia. Mylan Technologies, Inc., is also incorporated in West Virginia, but its corporate headquarters are located in St. Albans, Vermont. Mylan, Inc. is incorporated in Pennsylvania, and has its corporate headquarters in Canonsburg, Pennsylvania.

To the extent that the Mylan Petitioners argued in their oral presentation before this Court that Kanawha County may not be an appropriate

serted additional causes of action including strict products liability (design, manufacturing and marketing defects), negligent misrepresentation, breach of implied warranty of fitness, fraud, breach of express warranties, breach of implied warranties and failure to warn.

On November 17, 2009, the Mylan Petitioners filed a motion to dismiss on the basis of forum non conveniens, arguing that Wisconsin is a more convenient forum, given that the Hayden Respondents all reside in Wisconsin, and that Mr. Hayden was prescribed the fentanyl patch in Wisconsin, used the fentanyl patch in Wisconsin, and died in Wisconsin. The Mylan Petitioners argued that trying the case in West Virginia would result in a substantial injustice because (1) the Mylan Petitioners would "not have access to compulsory process to compel non-party witnesses to appear in West Virginia," (2) discovery would be more costly because the Mylan Petitioners would have to "resort to letters rogatory to obtain relevant information from non-parties outside this Court's subpoena power," and (3) "a trial in West Virginia would occur substantially by videotape" because the Mylan Petitioners could not compel witnesses to appear in the state.

After conducting a hearing on the motion, Judge Zakaib[2] entered an order denying the Mylan Petitioners' motion on March 2, 2010.[3] In that order, Judge Zakaib found that "[a]s West Virginia corporations, Mylan Pharmaceuticals, Inc. and Mylan Technologies, Inc., have chosen to take advantage of the laws of West Virginia, and cannot be allowed to complain they are being asked to be held to the consequences of West Virginia." He further found that any inconvenience alleged by the

Mylan Petitioners with regard to obtaining compulsory attendance of witnesses located in Wisconsin would apply equally to the plaintiffs if the case were to be dismissed from the West Virginia court (i.e., the plaintiffs would be faced with bringing Mylan witnesses from West Virginia to Wisconsin). Citing West Virginia Code § 56-1-1a, Judge Zakaib concluded that "[t]his is not a reason to override the 'great deference' that must be afforded the Plaintiffs' choice of forum."

### B. Case No. 11–0440

In case number 11–0440, the respondent and plaintiff below is William Davis Hall (hereinafter "Respondent Hall"), the next of kin and administrator of the Estate of Harriet Elizabeth Hall. Respondent Hall alleges that the decedent, Ms. Hall, was found dead on September 29, 2007, in her home in Georgia, with a lethal amount of fentanyl in her blood. He asserts that Ms. Hall had been prescribed a fentanyl patch by a doctor at Georgia Pain Physicians, P.C., to treat chronic back pain. Respondent Hall alleges that the patch worn by Ms. Hall was designed, manufactured and marketed by the Mylan Petitioners. Respondent Hall is a resident of the State of New York.

On September 23, 2009, Respondent Hall filed a Complaint in the Circuit Court of Kanawha County, the Honorable Judge Jennifer Bailey presiding. Respondent Hall sued the Mylan Petitioners under West Virginia's wrongful death statute, alleging a variety of claims including strict products liability, negligent misrepresentation, breach of express and implied warranties, fraud, deceptive trade practices, failure to warn, inten-

venue within West Virginia, such issue was not raised below nor is it appropriate for consideration under a motion made pursuant to West Virginia Code § 56-1-1a. Indeed, it is generally recognized that a motion to dismiss on the basis of forum non conveniens presupposes that the court in which the action is filed both has jurisdiction and is a proper venue in which to hear the claims. *See, e.g., Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.,* 549 U.S. 422, 434, 127 S.Ct. 1184, 167 L.Ed.2d 15 (2007) (Explaining that, under the doctrine of forum non conveniens, a court may dismiss an action despite "plainly [having] jurisdiction over the cause and the parties and [being] a proper venue.").

2. The two consolidated cases both arise from the Circuit Court of Kanawha County, but were assigned to different judges. Therefore, to alleviate confusion that could arise from referring generally to the "circuit court," this Court will refer to the circuit judges by name.

3. Judge Zakaib also addressed a separate issue raised by the Mylan Petitioners regarding whether to apply West Virginia or Wisconsin substantive law in this case. His decision on that choice-of-law issue, however, is not before this Court in this petition.

tional and negligent infliction of emotional distress and loss of consortium.

On October 23, 2009, the Mylan Petitioners filed a motion to dismiss the Complaint under the doctrine of forum non conveniens, arguing that Georgia is the more convenient forum in this case. They asserted that Ms. Hall was a resident of Georgia, was prescribed the fentanyl patch in Georgia and died in Georgia. Thus, they contend, all of the fact witnesses related to the injury in this case are in Georgia. For the same reasons set forth in the Hayden Respondents' case, the Mylan Petitioners argued that trial in West Virginia would result in a substantial injustice to them.

On October 1, 2010, the circuit court conducted a hearing on the motion to dismiss. During that hearing, Judge Bailey denied the Mylan Petitioners' motion on the basis of forum non conveniens, stating simply: "I think that there's a lot of deference given to the choosing of the forum by the plaintiff. This is a West Virginia corporation and appears to be proper." On February 2, 2011, Judge Bailey entered an order memorializing this ruling, but did not provide any further explanation for her decision.[4]

## II. JURISDICTION AND STANDARD OF REVIEW

Currently before the Court are two original jurisdiction actions, in which the Mylan Petitioners seek to prohibit the circuit court from retaining these cases. Specifically, the Mylan Petitioners argue that the circuit judges misapplied the forum non conveniens statute, West Virginia Code § 56–1–1a, by (1) granting greater deference to the choice of forum of an out-of-state plaintiff than is warranted by the statute, (2) failing to consider all eight factors listed in that statute, and (3) considering factors not included in the statute. They ask this Court to direct the circuit court to grant their motions to dismiss on the basis of forum non conveniens.

■ As a general matter, "[p]rohibition will lie to prohibit a judge from exceeding his

legitimate powers." Syl. Pt. 2, *State ex rel. Winter v. MacQueen*, 161 W.Va. 30, 239 S.E.2d 660 (1977). In the context of disputes over venue, such as dismissal for forum non conveniens, this Court has previously held that a writ of prohibition is an appropriate remedy "to resolve the issue of where venue for a civil action lies," because "the issue of venue [has] the potential of placing a litigant at an unwarranted disadvantage in a pending action and [ ] relief by appeal would be inadequate." *State ex rel. Huffman v. Stephens*, 206 W.Va. 501, 503, 526 S.E.2d 23, 25 (1999); *see also State ex rel. Riffle v. Ranson*, 195 W.Va. 121, 124, 464 S.E.2d 763, 766 (1995) ("In recent times in every case that has had a substantial legal issue regarding venue, we have recognized the importance of resolving the issue in an original action.").

■ This Court typically reviews a circuit court's decision on venue, including forum non conveniens, under an abuse of discretion standard. *See* Syl. Pt. 3, *Cannelton Industries, Inc. v. Aetna Cas. & Sur. Co. of Am.*, 194 W.Va. 186, 460 S.E.2d 1 (1994) ("A circuit court's decision to invoke the doctrine of *forum non conveniens* will not be reversed unless it is found that the circuit court abused its discretion."); *Nezan v. Aries Techs., Inc.*, 226 W.Va. 631, 637, 704 S.E.2d 631, 637 (2010) ("On the issue of *forum non conveniens*, we have held that the standard of review of this Court is an abuse of discretion."). The Mylan Petitioners, however, contend that this Court's review should be de novo because the circuit judges misapplied and/or misinterpreted the controlling statute. In *Riffle*, this Court explained:

> The normal deference accorded to a circuit court's decision to transfer a case, Syl. pt. 3, *Cannelton Industries, Inc. v. Aetna Casualty & Surety Co.*, 194 W.Va. 186, 460 S.E.2d 1 (1994) ("[a] circuit court's decision to invoke the doctrine of *forum non conveniens* will not be reversed unless it is found that the circuit court abused its discretion"), does not apply where the law is misapplied or where the decision to transfer hinges on an interpretation of a con-

---

**4.** The Mylan Petitioners similarly asked Judge Bailey to consider a choice-of-law issue regarding the application of Georgia versus West Virgi-

nia substantive law. Again, Judge Bailey's rulings on that issue is not before this Court at this time.

trolling statute. *See Mildred L.M. v. John O.F.*, 192 W.Va. 345, 350, 452 S.E.2d 436, 441 (1994) ("[t]his Court reviews questions of statutory interpretation *de novo*."). Under these circumstances, our review is plenary.

195 W.Va. at 124, 464 S.E.2d at 766. Accordingly, because the Mylan Petitioners are asking this Court to determine the correct legal application of the forum non conveniens statute, West Virginia Code § 56–1–1a, our review is de novo. *See also* Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995) ("Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review.").

## III. DISCUSSION

The forum non conveniens statute, West Virginia Code § 56–1–1a, provides in relevant part:

(a) In any civil action if a court of this state, upon a timely written motion of a party, finds that in the interest of justice and for the convenience of the parties a claim or action would be more properly heard in a forum outside this state, the court shall decline to exercise jurisdiction under the doctrine of forum non conveniens and shall stay or dismiss the claim or action, or dismiss any plaintiff: Provided, That the plaintiff's choice of a forum is entitled to great deference, *but this preference may be diminished when the plaintiff is a nonresident and the cause of action did not arise in this state. In determining whether to grant a motion to stay or dismiss an action*, or dismiss any plaintiff under the doctrine of forum non conveniens, *the court shall consider:*

(1) Whether an alternate forum exists in which the claim or action may be tried;

(2) Whether maintenance of the claim or action in the courts of this state would work a substantial injustice to the moving party;

(3) Whether the alternate forum, as a result of the submission of the parties or otherwise, can exercise jurisdiction over all the defendants properly joined to the plaintiff's claim;

(4) The state in which the plaintiff(s) reside;

(5) The state in which the cause of action accrued;

(6) Whether the balance of the private interests of the parties and the public interest of the state predominate in favor of the claim or action being brought in an alternate forum, which shall include consideration of the extent to which an injury or death resulted from acts or omissions that occurred in this state. Factors relevant to the private interests of the parties include, but are not limited to, the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling witnesses; the cost of obtaining attendance of willing witnesses; possibility of a view of the premises, if a view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. Factors relevant to the public interest of the state include, but are not limited to, the administrative difficulties flowing from court congestion; the interest in having localized controversies decided within the state; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty;

(7) Whether not granting the stay or dismissal would result in unreasonable duplication or proliferation of litigation; and

(8) Whether the alternate forum provides a remedy.

*Id.* at § 56–1–1a(a) (emphasis added).

█ In a recent appeal also involving the Mylan Petitioners, this Court was called upon to clarify a particular ambiguity in this statute. In so doing, we interpreted the statute as requiring the existence of at least two alternate forums in which the defendant is amenable to process:

Under West Virginia Code § 56–1–1a (Supp.2010), dismissal of a claim or action on the basis of forum non conveniens presupposes at least two forums in which the defendant is amenable to process; the

statute furnishes criteria for choice between them. In the event that the defendant is not amenable to process in any alternate forum, dismissal of a claim or action under this statute would constitute error.

Syl. Pt. 8, *Mace v. Mylan Pharm., Inc.*, 227 W.Va. 666, 714 S.E.2d 223 (2011). This Court further explained, however, that a forum in which a defendant is amenable to process ceases to "exist" as an available alternate forum if "the remedy provided by the alternative forum is so clearly inadequate or unsatisfactory that it is no remedy at all."

5. Although acknowledging that the Mylan Petitioners are amenable to process in Wisconsin, the Hayden Respondents argue, in essence, that Wisconsin should not be considered an available alternate forum because the substantive law of that state would prevent them from prevailing on some of their claims. Specifically, the Hayden Respondents allege that Wisconsin enforces a rule of privity that would prevent them from recovering on their breach of warranty claims. The fact, however, that one of a plaintiff's claims may not succeed under the substantive law of the alternative forum is not a sufficient basis to render that alternate forum nonexistent under our analysis in *Mace*.

In *Mace*, this Court relied in part on *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981), in holding that an alternate forum ceases to "exist" if "the remedy provided by the alternative forum is so clearly inadequate or unsatisfactory that it is no remedy at all." *Mace*, 227 W. Va. 666, 714 S.E.2d 223, at Syl. Pt. 9, in part. Under this holding, the Hayden Respondents would seem, at first blush, to have a basis for arguing that Wisconsin does not "exist" as an alternate forum in this case because Wisconsin provides "no remedy" for their breach of warranty claims. Such an interpretation, however, is inconsistent with *Piper Aircraft*.

In *Piper Aircraft*, the United States Supreme Court held that courts should rarely give substantial weight to unfavorable changes in substantive law when deciding motions based on forum non conveniens, noting that "if the possibility of an unfavorable change in substantive law is given substantial weight in the *forum non conveniens* inquiry, dismissal would rarely be proper." *Id.* at 250, 102 S.Ct. 252. It further explained that: [i]f the possibility of a change in law were given substantial weight, deciding motions to dismiss on the ground of *forum non conveniens* would become quite difficult. Choice-of-law analysis would become extremely important, and the courts would frequently be required to interpret the law of foreign jurisdictions. First, the trial court would have to determine what law would apply if the case were tried in the chosen forum, and what

*Id.* at Syl. Pt. 9, in part. In such cases, dismissal under West Virginia Code § 56–1–1a is not appropriate. *Id.*

■■■ Unlike the facts of *Mace v. Mylan Pharmaceuticals, Inc.*, however, none of the parties in either of the instant actions dispute the existence of an alternate forum in which the Mylan Petitioners are amenable to process.[5] Rather, the issue in these cases is whether the plain language of this statute limits a court's discretion in considering a motion to dismiss for forum non conveniens by requiring the court to consider certain

law would apply if the case were tried in the alternative forum. It would then have to compare the rights, remedies, and procedures available under the law that would be applied in each forum. Dismissal would be appropriate only if the court concluded that the law applied by the alternative forum is as favorable to the plaintiff as that of the chosen forum. The doctrine of *forum non conveniens*, however, is designed in part to help courts avoid conducting complex exercises in comparative law.

*Id.* at 251, 102 S.Ct. 252. Thus, considering possible changes in substantive law is generally not appropriate when deciding motions to dismiss based on forum non conveniens.

Nevertheless, the Supreme Court in *Piper Aircraft* acknowledged that, in rare instances, a change in substantive law in an alternate forum may be so significant that it would, in effect, eliminate the plaintiff's chance of recovery in the case. In such instances, the law of the alternate forum cannot be ignored. Thus, the United States Supreme Court stated that "if the remedy provided by the alternative forum is so clearly inadequate or unsatisfactory that it is no remedy at all, the unfavorable change in law may be given substantial weight...." *Id.* at 254, 102 S.Ct. 252. Importantly, however, the facts of *Piper Aircraft* made clear that the remedy offered by an alternate forum is not rendered inadequate simply because that forum does not recognize one of several claims asserted by a plaintiff. *Id.* at 255, 102 S.Ct. 252 ("Although the relatives of the decedents may not be able to rely on a strict liability theory, and although their potential damages award may be smaller, there is no danger that they will be deprived of any remedy or treated unfairly.")

In the instant actions, the Hayden Respondents allege that their breach of warranty claims would not succeed under Wisconsin's substantive law. They do not allege, however, that Wisconsin provides no remedy at all. Consequently, this change in substantive law does not disqualify Wisconsin as an alternate forum under the United States Supreme Court's reasoning in *Piper Aircraft*, nor this Court's holding in *Mace*.

factors and prohibiting it from considering other factors. Specifically, the Mylan Petitioners argue that the circuit judges in the instant cases erred in applying the statute in three ways: (1) both gave too much deference to the non-resident plaintiffs' choice of forum, given that the causes of action did not arise in this state; (2) neither considered all eight factors set forth in the statute; and (3) both considered an impermissible factor, namely the Mylan Petitioners' relationship to West Virginia. The Court considers each alleged error in turn.

### 1. Deference to Plaintiff's Choice of Forum

The Mylan Petitioners contend that both circuit judges erred by granting more deference to the plaintiffs' choice of forum than is permitted under the statute. In this regard, West Virginia Code § 56–1–1a(a) provides that "the plaintiff's choice of a forum is entitled to great deference, but this preference may be diminished when the plaintiff is a nonresident and the cause of action did not arise in this state." In the instant cases, none of plaintiffs are residents, i.e., they are "nonresidents," and neither cause of action arose in this state. Consequently, pursuant to the plain language of statute, the preference ordinarily granted to the plaintiff's choice of forum "may be diminished." The Mylan Petitioners contend that both circuit judges erred, because each indicated that the plaintiffs' choice of forum deserves substantial deference.

As evidence of this alleged error, the Mylan Petitioners note that Judge Zakaib stated, in his conclusions of law, that "[a]s an initial matter, pursuant to W. Va.Code § 56–1–1a, '... plaintiff's choice of forum is entitled to great deference.'" In addition, in addressing Mylan's concerns about compulsory process, Judge Zakaib wrote: "[t]his is not a reason to override the 'great deference' that must be afforded the Plaintiffs' choice of forum." Similarly, Judge Bailey stated, at the oral argument on this matter, "I think that there's a lot of deference given to the choosing of the forum by the plaintiff." Neither judge acknowledged the possibility of diminished deference contemplated by the statute.

The Hayden Respondents do not respond to this issue, however Respondent Hall contends that, although the statute states that the deference afforded to a plaintiff's choice of forum may be diminished under certain circumstances, it does not mean that the deference is abolished. He notes that federal courts, in considering a similar federal law, have found that although the deference afforded to a choice of forum by a non-resident plaintiff is diminished, "this is not to say that a foreign plaintiff's choice of forum is entitled to no deference." *Slight By and Through Slight v. E.I. DuPont De Nemours & Co.,* 979 F.Supp. 433, 437 (S.D.W.Va.1997). Respondent Hall therefore argues that Judge Bailey did not err in continuing to give deference to the plaintiff's choice of forum.

■ "'A statutory provision which is clear and unambiguous and plainly expresses the legislative intent will not be interpreted by the courts but will be given full force and effect.' Syl. Pt. 2, *State v. Epperly,* 135 W.Va. 877, 65 S.E.2d 488 (1951)." Syl. Pt. 1, *State v. Jarvis,* 199 W.Va. 635, 487 S.E.2d 293 (1997). Here, the statute plainly states that, in cases in which the plaintiff is not a resident of West Virginia and the cause of action did not arise in West Virginia, the "great deference" typically afforded to a plaintiff's choice of forum "*may* be diminished." Nothing in the statute requires a court to diminish, or abolish altogether, the deference it normally affords a plaintiff's choice of forum. Rather, it permits courts to do so, when the precedent factors have been met.

While neither of the circuit judges below specifically acknowledged the statutory language contemplating a diminished preference, we cannot find that either judge misinterpreted the plain language of the statute by continuing to defer to the respective plaintiffs' choice of forum. Consequently, because the statute does not require courts to diminish the preference granted to a plaintiff's choice of forum in these circumstances, the circuit judges did not err in applying the statute in this respect.

## 2. Consideration of Eight Factors

As previously explained, West Virginia Code § 56–1–1a(a) sets forth eight factors that courts "shall" consider when "determining whether to grant a motion to stay or dismiss an action ... under the doctrine of forum non conveniens." Because neither of the circuit judges below set forth findings of fact or conclusions of law as to those factors, the Mylan Petitioners contend that both judges erred by failing to apply the plain language of the statute.

The Hayden Respondents argue that a court is not required to consider the factors enumerated in West Virginia Code § 56–1–1a unless and until the court has made a "threshold" finding that dismissal is warranted "in the interest of justice" and "for the convenience of the parties." In other words, they assert that the eight factors are only to be considered if that "threshold" finding supports dismissal of the case. They argue that, after considering this threshold issue, Judge Zakaib concluded that dismissal in this case would not serve the interest of justice and, therefore, he was not required to consider the eight factors.

■ After reviewing the plain language of the statute, we cannot agree with the Hayden Respondents' interpretation. Rather than being a threshold issue, we find that the ultimate decision for a court considering a motion to dismiss on the basis of forum non conveniens under this statute is whether "in the interest of justice and for the convenience of the parties a claim or action would be more properly heard in a forum outside this state." W. Va.Code § 56–1–1a(a). To make such a determination, the statute directs courts to consider the eight enumerated factors. *Id.* Specifically, the statute states "[i]n determining whether to grant a motion to stay or dismiss an action ... under the doctrine of forum non conveniens, the court *shall* consider: [factors (1)-(8) ]." *Id.* (emphasis added).

■ The Legislature's use of the term "shall" in this context is significant. Indeed,

> " ' "[i]t is well established that the word "shall," in the absence of language in the statute showing a contrary intent on the part of the Legislature, should be afforded a mandatory connotation." Syllabus Point 1, *Nelson v. West Virginia Public Employees Insurance Board,* 171 W.Va. 445, 300 S.E.2d 86 (1982).' Syllabus point 1, *E.H. v. Matin,* 201 W.Va. 463, 498 S.E.2d 35 (1997)."

Syl. Pt. 6, *Foster Found. v. Gainer,* 228 W.Va. 99, 717 S.E.2d 883 (2011). Here, the Legislature's use of the word "shall," is clearly international, given that it used the permissive word "may" in other contexts within this statute. Thus, the term must be afforded a mandatory connotation in this context.[6]

Consequently, we hold that, by using the term "shall," the Legislature has mandated that courts must consider the eight factors enumerated in West Virginia Code § 56–1–1a (Supp.2010), as a means of determining whether, in the interest of justice and for the convenience of the parties, a claim or action should be stayed or dismissed on the basis of forum non conveniens.

---

**6.** Moreover, a review of the eight enumerated factors indicates that their purpose is to aid a court in making the ultimate determination of whether the interest of justice and convenience of the parties would, in fact, be served by staying or dismissing the action in favor of an alternate forum. For example, factor six appears specifically tailored to help a court assess whether the alternate forum would be more convenient by addressing, among other things, the ease of access to sources of proof, the cost and ease of obtaining attendance of witnesses, the ease of viewing the premises where appropriate, "and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* at § 56–1–1a(a)(6). Such considerations are clearly intended to aid a court in determining what forum will be most convenient for the parties trying the case. Similarly, many of the other factors listed for consideration would aid a court in determining whether dismissal would be in the interest of justice. For example, the second factor specifically asks "[w]hether maintenance of the claim or action in the courts of this state would work a substantial injustice to the moving party." *Id.* at § 56–1–1a(a)(2). Finally, some factors are relevant to both considerations. Factor seven questions "whether not granting the stay or dismissal would result in unreasonable duplication or proliferation of litigation;" undoubtedly, such duplication or proliferation of litigation is neither in the interest of justice nor convenient for the parties. *Id.* at § 56–1–1a(a)(7).

Unlike the Hayden Respondents, Respondent Hall does not dispute that courts must consider the eight enumerated factors. Instead, he contends that the Mylan Petitioners have not presented any evidence proving that Judge Bailey failed to consider those factors. Respondent Hall acknowledges that Judge Bailey did not make specific findings as to each factor, but points out that those factors were argued by the parties in their briefs and during the hearing below. Thus, he contends, it is reasonable to infer that Judge Bailey did, in fact, consider the relevant factors even if she did not make findings on the record as to each. Respondent Hall further maintains that nothing in the statute requires a court to make findings as to each factor; rather, courts are simply directed to *consider* the factors.

Although Respondent Hall is correct that nothing in the record proves that Judge Bailey failed to consider the eight factors, the fact that this Court must engage in speculation as to whether the lower court did followed the statutory mandate is, itself, the problem. There is simply no way for this Court to know whether either of the judges below properly considered all of the factors required by the statute when neither set forth findings of fact or conclusions of law explaining how they weighed those factors.

Lower courts have often been required to make findings of fact and conclusions of law to enable this Court to engage in meaningful appellate review of a given issue. *See Stone Brooke Ltd. P'ship v. Sisinni*, 224 W.Va. 691, 706 n. 14, 688 S.E.2d 300, 315 n. 14 (2009) ("Requiring a circuit court to conduct a particular analysis and to memorialize its findings of fact and conclusions of law with regard thereto is consistent with other decisions of this Court imposing similar requirements in other contexts."). For example, in

*Turley v. Keesee*, 218 W.Va. 231, 624 S.E.2d 578 (2005), we required that family courts "clearly address" certain enumerated factors contained in the statute, after noting that "the Legislature [had] gone to great lengths to enumerate the factors" listed in that statute. *Id.* at 234, 624 S.E.2d at 581.

The Legislature has similarly gone to great lengths to enumerate eight factors which must be considered in determining whether to grant or deny a motion on the basis of forum non conveniens. As previously noted, lower court decisions on such motions should only be reversed if the lower court abused its discretion. *See Cannelton*, 194 W.Va. 186, 460 S.E.2d 1, at Syl. Pt. 3. This Court cannot determine whether an abuse of discretion has occurred if the lower court does not record its factual findings or legal conclusions.[7] Accordingly, we now hold that in all decisions on motions made pursuant to West Virginia Code § 56–1–1a (Supp. 2010), courts must state findings of fact and conclusions of law as to each of the eight factors listed for consideration under subsection (a) of that statute. Such findings and conclusions are necessary to enable this Court to engage in meaningful appellate review, if such is requested.

### 3. Consideration of a Defendant's Domicile or Residency

As a third basis for their petition, the Mylan Petitioners contend that, under the doctrine of *expressio unius est exclusio alterius* (express mention of one thing implies exclusion of all others), courts are limited to considering *only* the eight factors listed in the statute. *See Riffle*, 195 W.Va. at 128, 464 S.E.2d 763 ("*Expressio unius est exlusio alterius* ... is a well-accepted canon of statutory construction."). In other words, the My-

---

7. We are cognizant of the fact that subsection (e) of West Virginia Code § 56–1–1a provides: "[a] court that grants a motion to stay or dismiss an action pursuant to this section shall set forth specific findings of fact and conclusions of law." *Id.* at § 56–1–1a(e). Thus, it is beyond dispute that a court must make findings of fact and conclusions of law if it *grants* the motion to dismiss or stay the action. Nevertheless, we find that the same rule must be applied to the denial of such motions. Because review of these deci-

sions is for abuse of discretion, no meaningful review can be had in the absence of such findings. It would not be fair to afford meaningful review to a plaintiff who challenges a court order dismissing an action on the basis of forum non conveniens, but to have no way to review a similar challenge brought by a defendant who believes the lower court erred by denying such motion. In short, what is good for the goose must be good for the gander.

lan Petitioners contend that the circuit judges erred by considering a factor not listed in the statute: the residency or domicile of the moving party.

Specifically, the Mylan Petitioners assert that each of the judges below considered the Mylan Petitioners' relationship with West Virginia in denying the motions to dismiss. In his order, Judge Zakaib noted that "[t]wo of the three named Defendants are West Virginia corporations; Mylan Pharmaceuticals, Inc. and Mylan Technologies, Inc. are both incorporated under the laws of West Virginia, and thus seek the benefits and protections of laws of West Virginia." He further stated that:

> As West Virginia corporations, Mylan Pharmaceuticals, Inc. and Mylan Technologies, Inc., have chosen to take advantage of the laws of West Virginia, and cannot be allowed to complain they are being asked to be held to the consequences of West Virginia. . . . [H]aving determined to incorporate in West Virginia, the Mylan defendants developed their business around an expectation that, as West Virginia corporations, that [sic] they would be subject to West Virginia tort law.

Finally, Judge Zakaib cited to another recent order issued by the Circuit Court of Kanawha County in *Naidge v. Mylan Technologies, Inc.,* Civ. Act. No. 09-c-325 (June 6, 2009), in which the circuit court stated "given that Defendant Mylan Pharmaceuticals, Inc. resides in [this] State and Mylan Technologies, Inc. is incorporated in this State, [the court] finds that there is no unfair burden on the citizens of West Virginia if this case is litigated here."

While Judge Bailey's comments were more brief, she did state "[t]his is a West Virginia corporation and [venue] appears to be proper." Given that Judge Bailey said little else about her basis for refusing their motion, the Mylan Petitioners argue that both judges "elevat[ed] the issue of corporate residence to a near-dispositive level."

The Mylan Petitioners assert that under this Court's prior case law adopting the common law doctrine of forum non conveniens, a defendant's residency was not a determinative factor in deciding a motion based on forum non conveniens. In *Abbott v. Owens–Corning Fiberglas Corporation,* 191 W.Va. 198, 444 S.E.2d 285 (1994), this Court explained that the common law doctrine of forum non conveniens was to be applied flexibly on a case-by-case basis, and held that "[a] presumption that the forum is convenient when a defendant is a resident of that forum would undercut the flexibility of the doctrine." *Id.* at Syl. Pt. 3, in part. The Mylan Petitioners contend that nothing in the codification of forum non conveniens changed this basic tenant of the doctrine and that the Legislature specifically did not list "residency of the moving party" as among the factors for consideration.

■ While we agree with the Mylan Petitioners that no presumption of convenience should be afforded a forum on the basis that it is the defendant's domicile, we conclude that some consideration of the Mylan Petitioner's ties to West Virginia is, in fact, necessary under West Virginia Code § 56-1-1a. Specifically, the second factor listed for consideration under the statute, "whether maintenance of the claim or action in the courts of this state would work a substantial injustice to the moving party," necessarily requires consideration of the location of Mylan's witnesses and documents. *Id.* at § 56-1-1a(a)(2). As the Hayden Respondents point out, the corporate headquarters of Mylan Pharmaceuticals, Inc., is located in West Virginia and, thus, relevant records and witnesses may well be located here too. Similarly, the sixth factor for consideration under the statute requires courts to balance the public and private interests invoked in the two forums, by considering, among other things, the "relative ease of access to sources of proof," and the cost of obtaining attendance of witnesses. *Id.* at § 56-1-1a(a)(6). Again, the location of the Mylan Petitioners' corporate headquarters will necessarily be considered in balancing these interests. Indeed, no court could adequately analyze these factors if it were prohibited from considering the residency of the Mylan Petitioners. Consequently, we find no error on this basis.

## IV. CONCLUSION

For the reasons set forth herein, the Court issues writs of prohibition in case numbers 11–0392 and 11–0440 as moulded. The actions are remanded for further consideration of the Mylan Petitioners' motions to dismiss for forum non conveniens. On remand, the circuit court is instructed to consider and set forth findings of fact and conclusions of law for each of the eight (8) factors listed in West Virginia Code § 56–1–1a, regardless of whether the motions are granted or denied.

Writs granted as moulded.