# IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

## January 2016 Term

_____

No. 15-0852

_____

**FILED**
**February 10, 2016**

released at 3:00 p.m.
RORY L. PERRY, II CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

STATE OF WEST VIRGINIA EX REL.
RAJAI T. KHOURY, M.D., and
KHOURY SURGICAL GROUP, INC.,
Petitioners

v.

THE HONORABLE JASON A. CUOMO,
JUDGE OF THE CIRCUIT COURT OF OHIO COUNTY, and
NICOLE A. SCARCELLI,
Respondents

_____

ORIGINAL PROCEEDING IN PROHIBITION

WRIT DENIED

_____

Submitted:  January 13, 2016
Filed: February 10, 2016

David S. Givens, Esq.                          Robert P. Fitzsimmons, Esq.
Nathaniel K. Tawney, Esq.                  Brent E. Wear, Esq.
Luke T. Schmitt, Esq.                          Fitzsimmons Law Firm PLLC
Flaherty Sensabaugh Bonasso PLLC     Wheeling, West Virginia
Wheeling, West Virginia                      Counsel for Respondent Scarcelli
Counsel for Petitioners, Khoury, M.D., *et al*.

CHIEF JUSTICE KETCHUM delivered the Opinion of the Court.

**SYLLABUS BY THE COURT**

1. "By using the term 'shall,' the Legislature has mandated that courts must consider the eight factors enumerated in West Virginia Code § 56-1-1a (Supp. 2010), as a means of determining whether, in the interest of justice and for the convenience of the parties, a claim or action should be stayed or dismissed on the basis of forum non conveniens." Syl. pt. 5, *State ex rel. Mylan, Inc. v. Zakaib*, 227 W.Va. 641, 713 S.E.2d 356 (2011).

2. "In all decisions on motions made pursuant to West Virginia Code § 56-1-1a (Supp. 2010), courts must state findings of fact and conclusions of law as to each of the eight factors listed for consideration under subsection (a) of that statute." Syl. pt. 6, *State ex rel. Mylan, Inc. v. Zakaib*, 227 W.Va. 641, 713 S.E.2d 356 (2011).

**Chief Justice Ketchum**:

This is an original proceeding in prohibition filed by petitioners Rajai T. Khoury, M.D., and Khoury Surgical Group, Inc. The petitioners (collectively "Dr. Khoury") are defendants in the underlying medical malpractice action filed in the Circuit Court of Ohio County, West Virginia, by respondent Nicole A. Scarcelli ("Scarcelli"). This proceeding arises from the circuit court's July 31, 2015, order denying Dr. Khoury's motion to dismiss the action on the basis of forum non conveniens.[1]

Dr. Khoury contends that the factors to be considered under this State's forum non conveniens statute, *W.Va. Code*, 56-1-1a [2008], demonstrate that the parties would be better served if the action were filed in the State of Ohio, where the cause of action arose, where the principal witnesses are located, and where the plaintiff, Scarcelli, resides. Dr. Khoury asserts that the circuit court exceeded its authority by allowing the action to go forward. Scarcelli, however, points out that Dr. Khoury resides in Ohio County, West Virginia, and that Ohio County is the principal place of business of Khoury Surgical Group, Inc. Moreover, she asserts that, following the initial act of surgical malpractice, Dr. Khoury engaged in matters through his West Virginia office which exacerbated her injury and

---

[1] The July 31, 2015, order was entered by the Honorable Martin J. Gaughan, Judge of the Circuit Court of Ohio County. Judge Cuomo is currently presiding in the action.

damages. In addition, Scarcelli notes that Dr. Khoury has not challenged Ohio County, West Virginia, jurisdiction or venue in the action. She emphasizes that, under *W.Va. Code*, 56-1-1a [2008], her choice of forum is entitled to "great deference."

The circuit court's July 31, 2015, order denying Dr. Khoury's motion to dismiss contains detailed findings of fact and conclusions of law, particularly with regard to the factors set forth in the forum non conveniens statute, *W.Va. Code*, 56-1-1a [2008]. Upon review of the order and all other matters presented by the parties, this Court concludes that relief in prohibition is not warranted. The circuit court did not exceed its authority in allowing Scarcelli's action to go forward in Ohio County, West Virginia, and Dr. Khoury's petition for a writ of prohibition is, therefore, denied.

## I. Factual Background

The alleged malpractice arose from surgery performed by Dr. Khoury in Belmont County, Ohio. Belmont County is adjacent to Ohio County, West Virginia, where Scarcelli's action was filed.

Scarcelli, a resident of Ohio, was referred to Dr. Khoury by her primary care physician for treatment of a painful condition in her neck and shoulder area. Dr. Khoury saw Scarcelli in his office in St. Clairsville, Belmont County, Ohio. In April 2013, Dr. Khoury diagnosed

2

the condition as Thoracic Outlet Syndrome and advised Scarcelli that a resection of her right first rib was required.[2]  On May 28, 2013, Dr. Khoury performed surgery to resect Scarcelli's right first rib.  The surgery took place at East Ohio Regional Hospital in Martins Ferry, Ohio.  Martins Ferry is also in Belmont County, Ohio.

Dr. Khoury is a resident of Ohio County, West Virginia, and is licensed to practice medicine in West Virginia.  The principal place of business of Khoury Surgical Group, Inc., through which Dr. Khoury practices in this State, is also located in Ohio County, West Virginia.  In a letter dated May 31, 2013, Dr. Khoury informed Scarcelli's primary care physician that Scarcelli underwent "a right 1st rib resection."  The letter was sent from Dr. Khoury's Ohio County, West Virginia, office and included Scarcelli's medical report concerning the surgery.

Although Scarcelli underwent post-surgery, physical therapy ordered by Dr. Khoury, her pain continued.  Seeking a second medical opinion, she was referred by another doctor to the Cleveland Clinic, in Ohio, for evaluation.  In July 2013, at the Cleveland Clinic, Scarcelli was informed for the first time that Dr. Khoury resected the wrong bone during the

---

[2] *See* Stedman's Medical Dictionary for the Health Professionals and Nursing 1554 (6th ed. 2008) (*Thoracic outlet syndrome*,"TOS," is a collective name for several conditions attributed to a compromise of blood vessels or nerve fibers in the neck and shoulder area.).

May 28, 2013, surgery, *i.e.*, Dr. Khoury removed a portion of Scarcelli's right clavicle rather than her right first rib. Scarcelli subsequently underwent several corrective procedures at the Cleveland Clinic and a right first rib resection on September 5, 2013.

Prior to the filing of the underlying action, Scarcelli and Dr. Khoury executed a Tolling Agreement, effective October 24, 2014. The purpose of the Agreement was to hold Ohio and West Virginia statutes of limitations in abeyance while the parties explored a possible settlement of Scarcelli's claims arising from Dr. Khoury's alleged malpractice.[3] One of the provisions of the Agreement stated:

> This Agreement shall, in all respects, be subject to, governed by, and enforced under the laws of the State of West Virginia. The parties hereby agree that jurisdiction and venue over any and all disputes that arise with respect to this Agreement shall be in West Virginia.

A settlement of Scarcelli's claims, however, was never reached.

## II. Procedural Background

On March 24, 2015, Scarcelli filed a complaint against Dr. Khoury and Khoury Surgical Group, Inc., in the Circuit Court of Ohio County, West Virginia. The complaint

_____

[3] *See Mace v. Mylan Pharmaceuticals, Inc*., 227 W.Va. 666, 676, 714 S.E.2d 223, 233 (2011) (Dismissal on the basis of forum non conveniens is error where the running of the statute of limitations and the absence of a discovery rule eliminate the remedy otherwise provided in the alternative forum.).

alleged (1) negligence, (2) battery, (3) lack of informed consent and (4) intentional infliction of emotional distress, and demanded compensatory and punitive damages.[4]

In April 2015, Dr. Khoury filed a motion to dismiss based upon forum non conveniens. Citing this State's forum non conveniens statute, *W.Va. Code*, 56-1-1a [2008], the motion alleged that the parties would be better served if the action were brought in the State of Ohio. During a hearing on the motion, the parties agreed that liability was relatively clear and that, consequently, a trial of Scarcelli's claims would primarily concern damages. Nevertheless, the parties were in sharp conflict over whether Ohio County, West Virginia, is the proper forum.

Dr. Khoury's motion to dismiss was denied in an order entered by the circuit court on July 31, 2015. In addition to findings of fact, the court set forth conclusions of law which included an analysis of eight factors to be considered under the forum non conveniens statute, *W.Va. Code*, 56-1-1a [2008]. The circuit court concluded that, although Scarcelli's partial clavicle resection took place in Ohio, her claims also arose in West Virginia through Dr. Khoury's post-surgical failure to correctly inform her primary care physician that the wrong bone had been removed. The circuit court relied on Scarcelli's allegation that Dr. Khoury's

---

[4] Scarcelli filed an amended complaint soon after which is virtually identical to the original complaint.

5

letter, sent from Ohio County, incorrectly stating that her rib had been resected delayed her primary care physician from taking action to prevent further injury and damage. Lastly, the circuit court relied on Scarcelli's allegation that Dr. Khoury billed her insurance company for the removal of her rib and collected the fee in West Virginia. The circuit court stated in the order:

> These allegations of the Plaintiff support that Defendants committed tortious conduct in both West Virginia and Ohio, demonstrating that West Virginia has more than a slight nexus to this controversy and, in fact, West Virginia has a meaningful connection to the Plaintiff's claims.

Moreover, the circuit court considered a number of other matters in denying the motion to dismiss. The circuit court identified three categories of witnesses: (1) Scarcelli's retained experts, (2) her treating physicians located in Ohio and (3) various nonresident lay witnesses. With regard to the retained experts, the circuit court pointed out that Scarcelli's expert economist is located in West Virginia and that, although her other experts are out-of-state, none are residents of the State of Ohio. As to Scarcelli's treating physicians, the circuit court noted that, when such doctors are designated as witnesses but are unable to appear at trial, videotaped depositions are commonly used as a substitute.[5] In the case of the

---

[5] The order denying the motion to dismiss stated as follows concerning Scarcelli's treating physicians:

> The Defendants have offered insufficient evidence to support their speculative statements that they may have limited access to Plaintiff's treating physicians or that these health care providers will be unwilling to

6

nonresident lay witnesses, the circuit court noted Scarcelli's representation that those witnesses will voluntarily appear at trial, resulting in no prejudice to Dr. Khoury.

Finally, the circuit court commented on the question of applying Ohio versus West Virginia law in the action:

> With respect to any conflict of laws or application of Ohio law to this matter, should this Court ultimately conclude that Ohio substantive law applies to Plaintiff's claims, *this Court is situated on the border of Ohio wherein many medical doctors practice in both forums*, and therefore, this Court has regularly applied Ohio and/or West Virginia law to medical malpractice claims and this poses no unusual difficulty or problems for this Court.

(emphasis added)[6]

---

cooperate. Also, regardless of the state where the trial occurs, it is probable that it will be necessary to secure some third-party testimony through the usual methods of foreign depositions and/or videotape depositions to be played at trial as this is a reality commonly encountered in tort claims filed in this forum.

[6] With regard to relative distances concerning court proceedings, the circuit court determined:

> Dr Khoury's residence is approximately 4.71 miles from the Ohio County Courthouse, while his business, Khoury Surgical Group, Inc., is located only approximately 3.58 miles from this Court. In addition, the Ohio County Courthouse is located only several miles (3.85 miles) from where the initial malpractice took place in Belmont County, Ohio.

> Conversely, to have this case transferred to Belmont County, Ohio, would result in Dr. Khoury having to travel a further distance for trial. (Dr. Khoury's residence is located 14.32 miles from the Belmont County

7

On August 28, 2015, Dr. Khoury filed a petition for a writ of prohibition in this Court challenging the July 31, 2015, order denying his motion to dismiss on the basis of forum non conveniens. In October 2015, this Court issued a rule to show cause why relief in prohibition should not be granted.

### III. Standard of Review

The ruling of a circuit court on a motion to dismiss for forum non conveniens is typically fact-specific. As a result, this Court has reviewed the circuit court's ruling under an abuse of discretion standard. Syllabus point three of *Cannelton Indus. v. Aetna Cas. & Sur. Co.*, 194 W.Va. 186, 460 S.E.2d 1 (1994), holds: "A circuit court's decision to invoke the doctrine of *forum non conveniens* will not be reversed unless it is found that the circuit court abused its discretion." *Accord* syl. pt. 2, *State ex rel. North River Ins. Co. v. Chafin*, 233 W.Va. 289, 758 S.E.2d 109 (2014).

Nevertheless, the doctrine of forum non conveniens was independently codified by the West Virginia Legislature in 2007 and amended in 2008. *See W.Va. Code*, 56-1-1a [2008], set forth below. Since then, although the "abuse of discretion" standard remains in effect, *Nezan v. Aries Technologies, Inc.*, 226 W.Va. 631, 637, 704 S.E.2d 631, 637 (2010),

---

Courthouse, while the Defendant Corporation is located 13.20 miles from said courthouse.)

our current law also includes a *de novo* standard of review in the context of interpreting the statute. *See State ex rel. Ford Motor Co. v. Nibert*, 235 W.Va. 235, 773 S.E.2d 1 (2015) (applying a *de novo* standard to whether the forum non conveniens statute was misapplied or misinterpreted). *See also State ex rel. Mylan, Inc. v. Zakaib*, 227 W.Va. 641, 646, 713 S.E.2d 356, 361 (2011) (Where "the correct legal application" of the forum non conveniens statute is to be determined, review is *de novo*.).

Finally, we note that a petition for a writ of prohibition is a proper avenue to challenge the ruling of a circuit court concerning forum non conveniens. *See State ex rel. Ford Motor Co. v. Nibert, supra,* 235 W.Va. at _ , 773 S.E.2d at 4 (Prohibition is an appropriate remedy in a forum non conveniens dispute because the potential unfairness to a litigant in a pending action renders an appeal inadequate.).

### IV. Discussion

### A. The Forum Non Conveniens Statute

*W.Va. Code*, 56-1-1a [2008], entitled "Forum non conveniens," establishes eight factors, in subsection (a), which shall be considered regarding the type of motion filed by Dr. Khoury. Subsection (a) states:

> (a) In any civil action if a court of this State, upon a timely written motion of a party, finds that in the interest of justice and for the convenience

9

of the parties a claim or action would be more properly heard in a forum outside this State, the court shall decline to exercise jurisdiction under the doctrine of forum non conveniens and shall stay or dismiss the claim or action, or dismiss any plaintiff: Provided, That the plaintiff's choice of a forum is entitled to great deference, but this preference may be diminished when the plaintiff is a nonresident and the cause of action did not arise in this State. In determining whether to grant a motion to stay or dismiss an action, or dismiss any plaintiff under the doctrine of forum non conveniens, the court shall consider:

(1) Whether an alternative forum exists in which the claim or action may be tried:

(2) *Whether maintenance of the claim or action in the courts of this State would work a substantial injustice to the moving party*;

(3) Whether the alternative forum, as a result of the submission of the parties or otherwise, can exercise jurisdiction over all the defendants properly joined to the plaintiff's claim;

(4) The state in which the plaintiff(s) reside;

(5) *The state in which the cause of action accrued*;

(6) *Whether the balance of the private interests of the parties and the public interest of the State predominate in favor of the claim or action being brought in an alternate forum*, which shall include consideration of the extent to which an injury or death resulted from acts or omissions that occurred in this State. Factors relevant to the private interests of the parties include, but are not limited to, the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling witnesses; the cost of obtaining attendance of willing witnesses; possibility of a view of the premises, if a view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. Factors relevant to the public interest of the State include, but are not limited to, the administrative difficulties flowing from court congestion; the interest in having localized controversies decided within the State; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty;

(7) Whether not granting the stay or dismissal would result in unreasonable duplication or proliferation of litigation; and

(8) Whether the alternate forum provides a remedy.

(Emphasis added).  *See generally* Franklin D. Cleckley, Robin J. Davis & Louis J. Palmer, Jr., *Litigation Handbook on West Virginia Rules of Civil Procedure* § 12(b)(3)[4] (4th ed. 2012) (discussing this State's forum non conveniens statute).  *See also* Martin J. McMahon, Annotation, *Forum Non Conveniens Doctrine in State Court as Affected by Availability of Alternative Forum*, 57 A.L.R.4th 973 (1987).

In considering Dr. Khoury's motion to dismiss, the circuit court recognized the introductory language of subsection (a) which provides "great deference" to Scarcelli's choice of forum.  The circuit court also recognized that Scarcelli's preference "may" be diminished "when the plaintiff is a nonresident and the cause of action did not arise in this State."  The circuit court then analyzed the eight factors and based its denial of Dr. Khoury's motion on the second, fifth and sixth factors.  Those three factors are the focus of Dr. Khoury's petition for a writ of prohibition.

**B. The Second Factor**

Under the second factor of *W.Va. Code*, 56-1-1a(a) [2008], the circuit court was required to determine whether maintenance of the action in Ohio County, West Virginia, would work a substantial injustice to Dr. Khoury.  Finding in favor of Scarcelli, the circuit court noted that Dr. Khoury is a resident of Ohio County and that Khoury Surgical Group, Inc., has its principal place of business in Ohio County.  In addition, the court deemed of

11

significance the relative proximity of Dr. Khoury's residence and office to the Ohio County Courthouse and to the location in Belmont County, Ohio, where Scarcelli's initial surgery occurred. *See* n. 6, *supra*. Dr. Khoury contends that maintaining the action in West Virginia is unfair and violates his right to due process of law.

Dr. Khoury's contention, however, is unconvincing. While his residence and office location are directly related to matters of jurisdiction and venue, which are undisputed in this proceeding, the situs of his residence and office may also be considered under the forum non conveniens statute. *See State ex rel. Mylan, Inc. v. Zakaib*, *supra*, 227 W.Va. at 651, 713 S.E.2d at 366 (While "no presumption of conveniens should be afforded a forum on the basis that it is the defendant's domicile," an analysis under the statute could not be made if domicile were prohibited from consideration.).

Moreover, prior to the filing of this action, Scarcelli and Dr. Khoury executed the Tolling Agreement to explore the possibility of settling Scarcelli's claims. Any disputes concerning the Agreement were to be governed by West Virginia law, with jurisdiction and venue to be in West Virginia. The choice of West Virginia as a forum for purposes of the

Tolling Agreement mitigates against Dr. Khoury's assertion that litigating Scarcelli's action in West Virginia creates a substantial injustice to him.[7]

In *State ex rel. Ford Motor Co. v. Nibert,* 235 W.Va. 235, 773 S.E.2d 1 (2015)*,* an allegedly defective motor vehicle was involved in an accident in Michigan. The plaintiff, a Michigan resident, filed a product liability action in West Virginia on the basis that a previous owner of the vehicle had purchased the vehicle from a West Virginia dealership. The defendant-manufacturer filed a petition for a writ of prohibition in this Court, asserting that Michigan was the correct forum. Granting partial relief, this Court, in *Ford Motor Co*., directed the circuit court to resolve the issue of the proper forum by entering findings of fact and conclusions of law on the eight factors set forth in *W.Va. Code*, 56-1-1a, the forum non conveniens statute.

---

[7] In addition, it is worth noting that, in 2015, while the current action was pending, Dr. Khoury and Nahla Khoury filed an action in the Circuit Court of Ohio County, West Virginia, against REE Austin Solar, LLC, seeking recovery for the nonpayment of a $250,000 promissory note. The complaint alleged that REE Austin Solar, LLC, conducted business in West Virginia, although its principal place of business was in Austin, Texas. Also named as defendants were three individuals residing in Texas. Although the promissory note appears to have been executed in Texas and stated that it would be governed by Texas law, the complaint, styled *Rajai T. Khoury, M.D., et al., v. REE Austin Solas, LLC, et al*., no. 15-C-213 (Ohio County 2015), alleged that jurisdiction and venue were proper in Ohio County.

In *Ford Motor Co.*, Justice Loughry, joined by Justice Benjamin, filed a dissent, stating that the operative facts were so demonstratively remote to West Virginia that Michigan was clearly the proper forum and that further consideration by the circuit court was unnecessary. Justice Loughry stated: "Application of the principles of forum non conveniens compels the conclusion that the plaintiffs' cause of action has no business being tried in this state." 235 W.Va. at _ , 773 S.E.2d at 10.

In contrast to *Ford Motor Co.*, the circumstances in the current proceeding cannot be considered remote to West Virginia. Those circumstances were properly weighed by the circuit court, and this Court finds no injustice to Dr. Khoury warranting relief in prohibition.

### C. The Fifth Factor

Under the fifth factor of *W.Va. Code*, 56-1-1a(a) [2008], the circuit court was required to determine where Scarcelli's cause of action arose. The circuit court concluded that, beyond the initial surgery performed in Ohio, Dr. Khoury allegedly committed tortious conduct in this State through the letter sent from Dr. Khoury's office in Ohio County, West Virginia, to Scarcelli's primary care physician. The letter incorrectly advised Scarcelli's primary care physician that the right first rib had been removed. The letter allegedly resulted in further injury and damage and delayed corrective treatment. Nevertheless, the circuit court found this factor of *W.Va. Code*, 56-1-1a(a) [2008], to be neutral. The order denying Dr.

14

Khoury's motion to dismiss stated: "Thus, while the cause of action may have initially arose [sic] in Ohio, the fact that additional and/or separate tortious conduct is alleged to have occurred in this forum as well, renders this as a neutral factor."

Dr. Khoury asserts that he never treated Scarcelli in West Virginia and that the letter sent from his Ohio County office was merely derivative of the alleged negligence committed in the State of Ohio. He claims that the letter creates no nexus with this State for maintaining the action in Ohio County. In response, Scarcelli indicates that the post-surgery letter was not merely derivative, since the letter was sent by Dr. Khoury, "despite having a radiology report within his office chart that clearly stated he removed the wrong bone, namely, the collar bone." Scarcelli's amended complaint refers to the letter and alleges that Dr. Khoury continued to misdiagnose her with a resected right first rib.[8]

Upon the matters thus disclosed, we find that the circuit court was within its authority to determine that the allegations of tortious conduct committed by Dr. Khoury in West

---

[8] Syllabus point 5 of *Forshey v. Jackson*, 222 W.Va. 743, 671 S.E.2d 748 (2008), holds: "In the context of a medical malpractice action, in order to establish a continuing tort theory a plaintiff must show repetitious wrongful conduct. Merely establishing the continuation of the ill effects of an original wrongful act will not suffice." Here, Scarcelli's amended complaint refers to the letter to Scarcelli's primary care physician and alleges Dr. Khoury's continued misdiagnosis, resulting, *inter alia*, in unwarranted physical therapy. The current matter is, therefore, different from *Forshey*, wherein this Court observed that the Forsheys' complaint failed to set out a cause of action for a continuing tort. 222 W.Va. at 755, 671 S.E.2d at 760.

15

Virginia were sufficient to render the fifth factor of *W.Va. Code*, 56-1-1a(a) [2008], neutral. *See State ex rel. Mylan, Inc. v. Zakaib*, *supra*, 227 W.Va. at 648, 713 S.E.2d at 363 (Suggesting that, even where the plaintiff's choice of forum may be diminished on the basis that the plaintiff is a nonresident and the cause of action did not arise in this State, the forum non conveniens statute does not require the plaintiff's choice to be diminished as a matter of law.).

**D. The Sixth Factor**

Under the sixth factor of *W.Va. Code*, 56-1-1a(a) [2008], the circuit court was required to determine whether the private interests of the parties and the public interest of this State predominate in favor of the action being brought in the State of Ohio. An analysis of this factor requires consideration of a number of components. The circuit court determined that this factor weighed in favor of Scarcelli, particularly on the issue of potential witnesses and the application of Ohio versus West Virginia law.

Dr. Khoury contends that, aside from the retained experts, those who saw Scarcelli before and after the initial surgery, including her treating physicians and acquaintances, reside in Ohio and are not subject to compulsory process in West Virginia. Nor can their cooperation be guaranteed. Dr. Khoury, therefore, insists that he should not be made to use videotaped testimony at trial in Ohio County, rather than live witnesses. Regarding the

16

interest of the public, Dr. Khoury maintains that, since the action concerns health care services provided in an Ohio facility to an Ohio resident, the State of Ohio has the dominant interest in resolving the dispute.

Again, Dr. Khoury's assertions do not rise to a level warranting relief in prohibition. With regard to the retained experts, the circuit court indicated that Scarcelli's expert economist is located in West Virginia and that none of her other experts reside in this State or in Ohio. According to Scarcelli, reports from her experts have been given to Dr. Khoury, and any additional reports will be provided. As to Scarcelli's treating physicians, the circuit court noted that when such doctors are designated as witnesses but are unable to appear at trial, videotaped depositions are commonly used as a substitute. Such depositions will likely be used at trial whether the action is tried in West Virginia or in Ohio. *See* n. 5, *supra*. In the case of the nonresident lay witnesses, the circuit court's order acknowledges Scarcelli's representation that those witnesses will voluntarily appear at trial.

With regard to the public interest, the circuit court noted that "this Court is situated on the border of Ohio wherein many medical doctors practice in both forums" and that the

17

application of Ohio substantive law to the action will pose no unusual difficulty.[9] Moreover,

the circuit court concluded that Dr. Khoury and Khoury Surgical Group, Inc.,

> are entrusted to provide health care services to residents and citizens of West Virginia, and the public has a significant interest in holding their own residents and health care providers accountable for tortious conduct.
>
> The Defendants have sought the benefits and protections of West Virginia law by seeking licensure and residency in this state and West Virginia has a great interest in deciding this matter, which involves health care being provided within the local community.

The circuit court conducted a thorough analysis of the sixth factor under *W.Va. Code*,

56-1-1a(a) [2008]. We find its conclusions sound. *See State ex rel., American Electric*

*Power Co., Inc. v. Nibert* (no. 15-0819), _ W.Va. _, _ S.E.2d _ (2016) (To the extent that

corporate defendants are incorporated under the laws of West Virginia or regularly transact

business in this State, West Virginia's citizens have a public interest in monitoring and

regulating their behavior to ensure they comply with the protections afforded by this State.).

Syllabus points 5 and 6 of *State ex rel. Mylan, Inc. v. Zakaib*, *supra*, hold:

---

[9] By contrast, in *State ex rel. J. C. v. Mazzone*, 235 W.Va. 151, 772 S.E.2d 336 (2015), a mass litigation panel granted the defendant's motion to dismiss the actions of nonresident plaintiffs on the basis of forum non conveniens. Denying the plaintiffs relief from that ruling, this Court, in *J. C.*, stated that the panel would have been required to apply the laws of sixteen different states. 235 W.Va. at _ , 772 S.E.2d at 348.

18

5. By using the term "shall," the Legislature has mandated that courts must consider the eight factors enumerated in West Virginia Code § 56-1-1a (Supp. 2010), as a means of determining whether, in the interest of justice and for the convenience of the parties, a claim or action should be stayed or dismissed on the basis of forum non conveniens.

6. In all decisions on motions made pursuant to West Virginia Code § 56-1-1a (Supp. 2010), courts must state findings of fact and conclusions of law as to each of the eight factors listed for consideration under subsection (a) of that statute.

The Circuit Court of Ohio County complied with those admonitions by analyzing each of the eight factors under subsection (a) of the statute and by memorializing its decision in the findings of fact and conclusions of law set forth in its July 31, 2015, order. While some factors weighed in favor of dismissing the action, others weighed in favor of Scarcelli, and the circuit court was not required, as a matter of law, to diminish her preference of forum. This Court observed in *State ex rel. Mylan, Inc. v. Zakaib*, *supra*:

Here, the statute plainly states that, in cases in which the plaintiff is not a resident of West Virginia and the cause of action did not arise in West Virginia, the "great deference" typically offered to a plaintiff's choice of forum "may be diminished." Nothing in the statute requires a court to diminish, or abolish altogether, the deference it normally affords a plaintiff's choice of forum. Rather, it permits courts to do so, when the precedent factors have been met.

227 W.Va. at 648, 713 S.E.2d at 363.

19

## V. Conclusion

The Circuit Court of Ohio County should not be prohibited from enforcing its July 31, 2015, order which denied Dr. Khoury's motion to dismiss pursuant to West Virginia's *forum non conveniens* statute, *W.Va. Code*, 56-1-1a [2008]. The circuit court did not exceed its authority in allowing Scarcelli's action to go forward in Ohio County. The petition for a writ of prohibition is, therefore, denied.

Writ denied.